**FILED**

MAR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NAME: LARRY D. CANNON

CRIMINAL CASE NUMBER: 59-747- 747-68

PRISON NUMBER: D.C. No. 158-559

PLACE OF CONFINEMENT: Parole, District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY D. CANNON )
(Full Name) )
       Petitioner )
) Case: 1:07-cv-00607
v. ) Assigned To : Friedman, Paul L.
) Assign. Date : 3/30/2007
Ms. K. Pitts, Parole Officer ) Description: CANNON V. USA
(Name of Warden, Superintendent, )
Jailor, or authorized person having )
custody of petitioner) )
       Respondent )

(If petitioner has a sentence to be served in the *future* under a Federal judgment which he wishes to attack, he should file a motion in the Federal Court which entered the judgment)

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN CUSTODY
IN THE DISTRICT OF COLUMBIA OR IN LORTON REFORMATORY

INSTRUCTIONS--PLEASE READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. However, if your prison account exceeds $100.00 you will not be considered as eligible to proceed in forma pauperis and must pay the $5.00 filing fee.

Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts you must file separate petitions as to each court.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

When the petition is fully completed, it must be mailed to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.

## PETITION

(1) Name and location of court which entered the judgment of conviction under attack __United States District Court For The District of Columbia__

(2) Date of judgment of conviction __May 9, 1969__

(3) Length of sentence __15 to 45 years__

(4) Nature of offense involved (all counts) __2 counts of Robbery and one count of assault with intent to commit Carnal Knowledge.__

(5) What was your plea? (Check one)
    (a) Not guilty ( )
    (b) Guilty (×)
    (c) Nolo contendere ( )
If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

(6) Kind of trial: (Check one)
    (a) Jury ( )
    (b) Judge only ( ×)

(7) Did you testify at the trial?

    Yes ( )    No ( ×)

(8) Did you appeal from the judgment of conviction?

Yes ( x )   No ( )

(9) If you did appeal, answer the following:
    (a) Name of court United States Court of Appeals for the District/Columbi
    (b) Result Vacated for Resentencing to ascertain applicability of Y.C.A
    (c) Date of result 1975

(10) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any courts?

Yes (x)   No ( )

(11) If your answer to 10 was "yes", give the following information:
    (a) (1) Name of Court U.S. Court District of Columbia Court
        (2) Nature of the proceedings Title 28 U.S.C. 2255
        (3) Grounds raised Illegal sentence, Illegal Juvenile Waiver. False confession, denial of right to counsel.
        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( )   No (x)
        (5) Result Peitition denied
        (6) Date of result 1976
    (b) As to any second petition, application or motion give the same information:
        (1) Name of court U.S. COURT FOR THE DISTRICT OF COLUMBIA
        (2) Nature of proceeding Petition for a writ of error corum No bis
        (3) Grounds raised Illegal conviction, No attorney while in Juvenile Custody, illegal interrogation, illegal sentence Failure to allow allocution.
        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( )   No ( X )
        (5) Result Petition denied- U.S.CIRCUIT COURT Remand- 1976
        (6) Date of result 1976- remand for purposes of allocution.
    (c) As to any third petition, application or motion, give the same information:
        (1) Name of court U.S. DISTRICT COURT Wash D.C.
        (2) Nature of proceeding Petition for title 28- U.S.C. 2255 relief
        (3) Grounds raised Attorney conflict of interest, mental incomtency as a juvenile, Double jeaporcy, ect.

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

     Yes ( )  No (×)
   (5) Result Petition denied.
   (6) Date of result 1992
  (d) Did you appeal to the highest court having jurisdiction the result or action taken on any petition, application or motion?
   (1) First petition, etc. Yes (x) No ( )
   (2) Second petition, etc. Yes (x) No ( )
   (3) Third petition, etc. Yes ( x) No ( )
  (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

12. State **concisely** every ground on which you claim that you are being held unlawfully. Summarize **briefly** the facts supporting each ground. If necessary, you may attach pages stating additional grounds and **facts** supporting same.

  CAUTION: If you were convicted in a District of Columbia court, you must ordinarily first **exhaust** your District of Columbia court remedies as to each ground on which you request action by the Federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

  For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may also raise any grounds which you may have other than those listed if you have exhausted your District of Columbia court remedies with respect to them. However, **you should raise in this petition all available grounds** (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

  Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.
  (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
  (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
  (e) Conviction obtained by a violation of the privilege against self-incrimination.
  (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
  (g) Conviction obtained by a violation of the protection against double jeopardy.
  (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
  (I) Denial of effective assistance of counsel.
  (j) Denial of right of appeal.

A.  Ground one: Statutory illegal waiver to adult court
    Supporting FACTS (tell your story briefly without citing cases or law): The Juvenile Waiver in this case was conducted without a full investigation of the facts which noted in the medical and police reports which would or should have shown that no rape occured in the case at bar. Dedendants contends that he was waived on primerily because of the allegationnoted. The defendant was falsely prosecuted on a non-existent offense. The crime of Assault with intent to commit carnal knowledge of a person over sixteen years old is voi

B.  Ground two: The Juvenile court jurisdiction caused the defendant to be prosecut on an illegal rape offense due to an invalid waiver of jurisdiction.
    Supporting FACTS (tell your story briefly without citing cases or law): The presentence report associated with this case verifies and confirms that no rape occurred. Medical documentation proves that the defenant herein is innocent of the rape offense. No offense of this nature was commited, and the defendant was wrongfully convicted on a forced confession to a crime which he did not commit, according to the statute governing the offense of rape. The Juvenile Court waiver of jurisdiction was erroneous.

C.  Ground three: _____
    Supporting FACTS (tell your story briefly without citing cases or law): The defendant believes and contends, under pertinet law gocerning Juvenile Court adjucatory proceeding creates a standard of law which did not define juvenile offenses or conduct as a crime. Thus the illegal Juvenile court waiver caused the defendant to be convicted in federal court where no crime had occurred. There is no criminal offense of assault with intent to commit carnal knowledce of a person over sixteen years old.

D.  Ground four: _____
    Supporting FACTS (tell your story briefly without citing cases or law): The jurisdiction of this court should be declared null and void given the illegal waiver of juvenile court jurisdiction. Since Juvenile conduct does not constitute a crime, and no rape offense was committed in the case at bar, and there is no criminal offense of assault with intent to commit carnal knowledce of a person over sixteen years of age the defendant was falsely charced and convicted of such an offense.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them The court claimed that it had no Jurisdiction over this matter due to a previous order of the D.C Circuit Court denying athorization to file a title 28 U.S.C. Section 2255 Motion. The Defendant appealed that ruling, and on June 5, 2006, the Court stated that Jurisdiction would lie if the defendant herein was able to show that no offense occurred. under the "Saving Clause of Title 28 U.S.C. Section 2255

14. Do you have any petition or appeal pending in any court, either, District of Columbia or Federal, as to the judgment under attack?

    Yes (xx)    No ( )

15. Give the names and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing __John Drawer__

    (b) At arraignment and plea __No Attorney__

    (c) At trial __Plea Hearing- John Drawer__

    (d) At sentencing __John DRAWER__

    (f) In any post-conviction proceeding __JAMES HOSTETTER__

    (g) On appeal from any adverse ruling in a post-conviction proceeding __James Hostetter__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes ( x )    No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No.

    Yes ( )    No ( x )

    (a) If so, give name and location of court which imposed sentence to be served in the future: __I have no future sentence to serve.__

    (b) And give date and length of sentence to be served in the future: __None.__

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? __I have no such sentence__

    Yes ( )    No ( xx )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

__3-30-07__
Date

__Amy D. C____
Petitioner's Signature

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. CANNON ) | |
| ) | |
| ) | |
| PETITIONER, ) | CRIMINAL CASE NO. 747-68 |
| ) | CIVIL ACTION NO._____ |
| ) | |
| VS. ) | |
| ) | |
| UNITED STATES OF AMERICA, ET AL ) | |
| ) | |
| RESPONDENTS. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF A PETITION FOR A WRIT OF HABEAS CORPUS

## PURSUANT TO TITLE 28 U.S.C. SECTION 2241 (A) (B) AND (C)

As grounds for this motion, the following legal representations are hereby submitted:

### PRELIMARY STATEMENT

The original history of this case is over 40 years old. The petitioner's journey in the legal process, as should be recorded, began in February 1968 when the petitioner was a juvenile and while the petitioner was in juvenile custody. This is the root and origin of the case at bar. These legal facts cannot be faithfully contested as inaccurate.

The petitioner, without doubt or contradiction, in his quest for justice has been a frequent traveler to this court throughout the proceedings, which as noted, originated in juvenile court, and ultimately transferred to this court in April 1968.

The record herein speaks for itself and the petitioner presumes that the court will take judicial notice of the lengthy record, which contains pertinent pleadings, etc.

1

## AGRUMENT IN SUPPORT OF TITLE 28 U.S.C.
## SECTION 2241 PETITION

The court in <u>Cannon</u> v. <u>United States</u>, etc., decided on June 5, 2006, by the United States Court of Appeals for the District of Columbia Circuit implicated that the "Savings Clause Provision" of Title 28 U.S.C. Section 2255 is triggered when a petitioner/prisoner can show that no unlawful conduct occurred which gives raise to the conviction. In the case at bar, petitioner contends that the charge for which petitioner was convicted "Assault with intent to commit carnal knowledge of a Female over 16 years of age" is not an offense under the District of Columbia law (see e.g., <u>United States</u> v. <u>Hutchinson</u>, 478 F. 2d 797 (D.C. 1973). "Counts of an indictment charging the petitioner with assaulting Female persons with intent to carnally know and abuse such persons did not charge offenses under the District of Columbia where victims were females over 16 years of age." Also see <u>Carmell</u> v. <u>Texas</u>, 529 U.S. 513 (2000).

Indeed, the Court of Appeals cited the case of <u>In Re Smith</u>, 285 F. 3d at 9 saying that a petition in the District of Confinement (here parole) could be filed, granting petitioner Smith the right to collaterally attack his conviction under Title 18 U.S.C. Section 924 (c) where it was premised upon an erroneous interpretation of the statue at issue.

In petitioner's case, given the inapplicability of the charge at issue as applied to the petitioner under existing law, there was not legal basis to prosecute petitioner based upon such an offense. There are clear parallels to the <u>Smith</u> case and the petitioner's case; albeit different offenses originally charged, for which petitioner's was convicted and sentenced. Ironically, the Circuit Court had already ruled approximately 36-years ago that the offense upon which petitioner had been prosecuted <u>was not</u> an offense under the District of Columbia law. Of course, the ineffective assistance of counsel was a major or the primary contributing factor to petitioner's illegal conviction.

2

The district court, therefore, had no jurisdiction or authority to convict and sentence the petitioner on such an offense. Further, it appears that the Juvenile court, pursuant to then Title 11-914, had no authority to waive jurisdiction premised upon such an offense where the District of Columbia law forbids such a charge. Indeed, a "full investigation" prior to waiver of jurisdiction would have shown that no rape offense occurred in the legal context established by the victim's accusing statements. See e.g., Kontrick v. Ryan, 540 U.S. 443 (2004).

Nevertheless, it seems that this Circuit Court is not concerned about the procedural due process of law violations of petitioner's constitutional rights, as was noted in Cannon v. District of Columbia, 569 A. 2d 595 (D.C. Cir. 1990), but rather whether or not a crime had been committed in the context of 2241 relief applications. Petitioner herein has clearly demonstrated that no crime was committed which lead to his imprisonment and for which he remains in parole custody. The court is remained to note that in In Re Smith, 285 F. 2d at 9, the Government offered to support Smith in his application for relief. Concluding that Smith could prevail on his 2241 application under current Circuit Court law.

In this particular case, the petitioner at bar comes to the court with applicable U.S. Supreme Court and Circuit Court law specifying that no crime had been committed premised upon the charge for which the petitioner was convicted and sentenced.

WHEREFORE, the premises considered, petitioner herein prays that the writ be issued.

Respectfully Submitted,

*[signature]*
Larry D. Cannon
631 18th Street, NE.
Washington, D.C. 20002

3

## CERTIFICATE OF SERVICE

I, Larry D. Cannon, hereby certify that I have hand delivered the original "Petition for A Writ of Habeas Corpus - Title 28 U.S.C. Section 2241 to the Clerk, U.S. District Court, District of Columbia, and a copy to: Office of the U.S. Attorney, 555 Fourth Street, NW. Washington, D.C. 20001 on this 2-30 day of March 2007.

Respectfully Submitted,

*/s/ Larry D. Cannon*
Larry D. Cannon
631 18th Street, NE.
Washington, D.C. 20002

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-5051**              **September Term, 2005**

03cv01633

Larry D. Cannon,
      Appellant

v.

United States of America and Ada Igborzurkie, Parole Officer,
      Appellees

Filed On: 

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED JUN 5 2006

CLERK

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Henderson, Garland, and Brown, Circuit Judges

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia, and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order of dismissal filed on November 25, 2005, be affirmed. Appellant's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 constitutes an attack on the validity of his conviction and sentence, and it therefore must be presented by an application under 28 U.S.C. § 2255 unless the remedy under § 2255 would be "inadequate or ineffective." See 28 U.S.C. § 2255 ¶ 5. Moreover, contrary to appellant's arguments, his claim that the conduct alleged in the indictment never occurred does not meet this standard. Cf. In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (holding that prisoner could use § 2241 to raise claim that conduct giving rise to conviction was not unlawful). Because § 2241 is not the proper vehicle for presentation of appellant's claims, the dismissal of his § 2241 petition must be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,   )
                            )
            v.              )   Civil No. 03-1633
                            )
LARRY D. CANNON,            )
                            )
_____)

<u>ORDER</u>
(November 25, 2005)

Pending before the Court is defendant's motion to vacate, set aside or modify sentence pursuant to 28 U.S.C. § 2255. Before a prisoner may file a second or successive motion under § 2255, the prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255 (setting forth criteria for certification). Petitioner already has filed an application under § 2255, as stated in his petition for writ of habeas corpus filed on July 31, 2003. An order from the United States Circuit Court of Appeals for the District of Columbia denying petitioner authorization to file a second petition and was entered on October 30, 2002 in 1:68-cr-00747. Absent certification and authorization by the Court of Appeals, this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 2244 (b)(3)(A).

Accordingly, it is hereby

ORDERED that petitioner's petition [#1] is DISMISSED with prejudice.

SO ORDERED.

_____
RICHARD J. LEON
United States District Judge

**I (a) PLAINTIFFS** LARRY D. CANNON

**DEFENDANTS** United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)
Wash-D.C.
631 18th St N.E. Wash-D.C. 2002

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Pro Se (same address)

Case: 1:07-cv-00607
Assigned To: Friedman, Paul L.
Assign. Date: 3/30/2007
Description: CANNON V. USA

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

Petition for a Writ of Habeas Corpus - Title 28 U.S.C. 2241

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☒ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☑ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title 28 U.S.C. section 2241 proceeding

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) ☐ YES ☐ NO   If yes, please complete related case form.

DATE 3-30-07    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.