UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. CANNON,           * | |
|         Petitioner,    * | Civil Action No. 07-0607 (RJL) |
|                                     * | |
| v.                  * | |
|                                     * | |
| UNITED STATES OF AMERICA, et al., * | |
|         Respondents.    * | |

**RESPONDENTS' MOTION TO TRANSFER
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully submit their Motion to Transfer petitioner's pro se Petition for Writ of Habeas Corpus. As explained below, the petition should be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As also explained below, because this is not the first § 2255 motion that petitioner has filed, the Court should transfer the instant motion to the U.S. Court of Appeals for the District of Columbia Circuit so that the Court of Appeals can decide whether to authorize the filing of this successive Section 2255 motion.

**PROCEDURAL HISTORY**

In 1969, petitioner was convicted in this Court of two counts of robbery and one count of assault with intent to commit rape. See Cannon v. United States, 645 F.2d 1128, 1130 & n.6 (D.C. Cir. 1981); Cannon v. Igborzurkie, 779 A.2d 887, 888 (D.C. 2001). "He received an aggregate sentence of fifteen to forty-five years' imprisonment." Cannon v. Igborzurkie, 779 A.2d at 888. On June 9, 1997, petitioner was released on parole. He remains on parole, on inactive status, until 2017.

In his petition, petitioner states that he filed his first § 2255 motion in 1976. See Petition at 3. Since then, he has continued filing § 2255 motions. See In re Cannon, 2002 WL

31426658, *1 (D.C. Cir. Oct. 29, 2002) (noting that petitioner had filed § 2255 motions "between 1985 and 1997").  He also has filed at least one petition for writ of habeas corpus under 28 U.S.C. § 2241, the summary dismissal of which was upheld by the D.C. Circuit.  Cannon v. United States, 2006 WL 1675311 (D.C. Cir. June 5, 2006).

On or about March 30, 2007, petitioner filed the instant pro se habeas petition pursuant to 28 U.S. C. § 2241.  He attacks the validity of his convictions on numerous grounds but does not challenge the execution of his sentence.

## ARGUMENT

**I.     The Court Should Construe the Instant § 2241 Petition As A § 2255 Motion**

It is well settled that the caption of a pleading is not determinative of the nature of the relief sought.  Thus, the federal circuit courts of appeal have uniformly held that pleadings which are the functional equivalent of a § 2255 motion must be treated as such, regardless of the caption of the pleading.  See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as § 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating § 2241 habeas petition as § 2255 motion); cf. Brennan v. Wall, 100 Fed. Appx. 4, 5 (1st Cir. 2004) (treating motion filed under 28 U.S.C. §§ 1651 and 2241 as § 2254 motion); Byrd v. Bagley, 37 Fed. Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"); Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997) (treating motion to recall

mandate as § 2254 motion); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997) (per curiam) (treating § 2241 habeas petition as § 2254 motion).[1]

Here, petitioner has filed his pro se petition pursuant to 28 U.S.C. § 2241. His petition challenges the legality of his conviction, but does not challenge the manner in which his sentence was executed. The legality of a federal sentence may only be challenged under § 2255 unless the remedy under that section would be inadequate or ineffective. Petitioner has not shown that his remedy under § 225 would be inadequate or ineffective.[2] Hence, the Court should construe the

---

[1] Although the Court cannot re-characterize a petitioner's initial post-sentence motion as a Section 2255 motion without providing petitioner with notice of this proposed action and an opportunity to withdraw his motion rather than have it re-characterized, see United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002), these requirements do not apply to a second or successive post-conviction motion. See, e.g. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005).

[2] The D.C. Circuit indicated in In re Smith, 285 F.3d 6 (D.C. Cir. 2002), that § 2255 can be deemed an inadequate or ineffective remedy if the limitations contained in that section "deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." Id. at 8 (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). Petitioner attempts to avail himself of this language by arguing that assault with intent to commit rape of a woman over the age of 16 is not a crime in the District of Columbia. See Memo. In Support of Title 28 U.S.C. Section 2241 Petition, at 1. This is an incorrect statement of the law as it currently exists, see D.C. Code § 22-3002 (First Degree Sexual Abuse), § 22-3018 (Attempts to Commit Sexual Offenses), and it is an incorrect statement of the law as it was when defendant was convicted. Indeed, the cases upon which petitioner relies do nothing to support his claim that he was convicted for a non-existent offense. In United States v. Hutchinson, 478 F.2d 997 (D.C. Cir. 1973), the indictment charged the defendant with assault with intent to commit rape. The statutory language cited in the indictment, however, pertained to assault with intent to commit rape of a female child under the age of 16. Hence, as the D.C. Circuit noted, "the counts of the indictment [were] brought under the wrong part of the statute." Id. at 998. Thus, the defendant's convictions were reversed on that ground and not because assault with intent to commit rape of a woman over the age of 16 was legal. Petitioner also relies on Carmell v. Texas, 529 U.S. 513 (2000), but that case pertains to a Texas statute and also concerns ex post facto issues and has no relevance here.

instant habeas petition as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, rather than as a habeas petition filed pursuant to 28 U.S.C. § 2241.

## II.     The Court Should Transfer This Successive § 2255 Motion to the D.C. Circuit

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, a second or successive § 2255 motion:

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application").

The D.C. Circuit has held that a district court lacks jurisdiction to entertain a second or successive § 2255 motion absent certification from the D.C. Circuit.  See In re Moore, 196 F.3d 252, 254 (D.C. Cir. 1999) ("a federal prisoner may not file a 'second or successive' [§ 2255] petition unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the petition"); United States v. Levi, 1997 WL 529069 at 1 (D.C. Cir. July 29, 1997).  Similarly, numerous circuit courts of appeal have held that the district court should transfer such a motion to the appropriate court of appeals for certification.  See, e.g., Nelson v. United States, 115 F.3d 136 (2d Cir. 1997) ("to the extent the district court dealt with

the [successive] § 2255 motion on its merits, the judgment of that court . . . is vacated for lack of jurisdiction in that court to entertain the motion"); Coleman v. United States, 106 F.3d 339, 340-41 (10th Cir. 1997) (district court should transfer motion, pursuant to 28 U.S.C. § 1631, to appropriate court of appeals for certification); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (same).

As noted above, petitioner has filed a number of § 2255 motions after AEDPA's effective date. Thus, his pending § 2255 motion is subject to AEDPA's certification provisions, and this Court should transfer the motion, pursuant to 28 U.S.C. §§ 1631 and 2255, to the U.S. Court of Appeals for the D.C. Circuit so that the Court of Appeals may determine whether to authorize the filing of petitioner's motion.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. Bar No. 498-610
United States Attorney

ROBERT D. OKUN
D.C. Bar No. 457-078
Chief, Special Proceedings Division


___/s/_____
MARGARET J. CHRISS
D.C. Bar No. 452-403
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Division (10th Floor)
Washington, D.C.  20530
(202) 307-0874

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 7th day of August 2007, I caused a copy of the foregoing Motion to Transfer Petitioner's Petition for Writ of Habeas Corpus and proposed Order to be served, first class mail, postage pre-paid, upon:

Mr. Larry D. Cannon
631 18th Street, N.E.
Washington, D.C. 20002

                                            \_\_\_/s/_____
                                            Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LARRY D. CANNON,** | * | |
| Petitioner, | * | Civil Action No. 07-0607 (RJL) |
| | * | |
| v. | * | |
| | * | |
| **UNITED STATES OF AMERICA, et al.,** | * | |
| Respondents. | * | |

### ORDER

Upon consideration of the United States' motion to transfer, any opposition thereto, and it appearing that petitioner's petition is subject to the certification provisions of Section 2255, it is hereby:

**ORDERED** that the United States' motion is granted, and that petitioner's petition motion be transferred, pursuant to 28 U.S.C. §§ 1631 and 2255, to the United States Court of Appeals for the District of Columbia Circuit so that the Court of Appeals may determine whether to authorize the filing of petitioner's petition.

_____                              _____
DATE                                        RICHARD J. LEON
                                            United States District Judge


Copies to:

Margaret J. Chriss
Assistant United States Attorney

Mr. Larry Cannon
631 18th Street, N.E.
Washington, D.C. 20002