IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. CANNON<br>　　PETITIONER, | )<br>)  *R J.L*<br>) |
| UNITED STATES OF AMERICA<br>ET AL.<br>　　RESPONDENTS. | ) CIVIL ACTION NO. 07-0607<br>) (R.J.L)<br>)<br>)<br>) |

PETITIONER'S OPPOSITION TO THE GOVERNMENT'S
MOTION TO TRANSFER THE PETITON FOR A
WRIT OF HABEAS CORPUS,
AND REQUEST FOR A HEARING

Petitioner, Larry D. Cannon, hereby oppose the Government's motion for a transfer.

As grounds for this motion, Petitioner contends that the government has materially misrepresented both the legal and factual issues raised by the Petitioner. To be absolutely clear, Petitioner contends that the charge upon which Petitioner was convicted is **not** an offense under District of Columbia law.

1. To be even more exact, Petitioner was convicted of "Assault With Intent to Commit Carnal Knowledge" of a female over sixteen (16) years of age. In the District of Columbia, such an offense is **not** recognized as a lawful charge. Petitioner was not convicted of "Assault With Intent to Commit Rape" as alleged by the government.

RECEIVED
AUG 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

2.     Moreover, the government is acutely aware of this fact and in fact, refused to present a judgment of conviction to this court specifying the "true cause" of Petitioner's detention. The government failed to present such a legal document because it wanted to mislead this court into thinking or believing that Petitioner pled guilty to "Assault with intent to Commit Rape." The court should reject this **ruse** and require the government to produce the records specifying the judgment of conviction and plea of guilty as per the "Show Cause" order in this case.

3.     Further, while the government concedes, as it must, that under In Re Smith, 285 F.3d (D.C. Cir. 2002), jurisdiction of this court stands if Petitioner can **verify** and **prove** that Petitioner was convicted of a non-existent offense. Rather than tell the truth, the government prefer to lie in order to defect jurisdiction of this court, and in effect, choose to ignore prior pleadings of a former government counsel bearing upon the charges, which the Petitioner was convicted.

4.     Accordingly, Petitioner shall expose this legal ruse for what it is, that is, a fraud upon the court. The petitioner respectfully request that this court take judicial notice of the documents submitted as containing legitimate evidence and proof verified by the government itself of the charge upon which petitioner plead guilty.

        Respectfully Submitted,

        Larry D. Cannon
        1118 21st Street, N.E.
        Apartment #101
        Washington, D.C. 20002

## CERTIFICATE OF SERVICE BY MAIL

I, Larry D. Cannon, hereby certify that I have hand delivered the original of "Petitioner's Opposition to the Government's Motion to Transfer the Petition for a Writ of Habeas Corpus and Request for a Hearing" to the Clerk of the Court at:

U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C.  20001

And hand delivered a copy to:

Ms. Margaret J. Chriss
Assistant United States Attorney (D.C. Bar No. 452-403)
555 Fourth Street, N.W.
Special Proceedings Branch, 10th Floor
Washington, D.C.  20530

Respectfully Submitted,

Larry D. Cannon
1118 21st Street, N.E.
Apartment #101
Washington, D.C. 20002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. CANNON<br>    PETITIONER, | )<br>)<br>) |
| UNITED STATES OF AMERICA<br>ET AL.<br>    RESPONDENTS. | )  CIVIL ACTION NO. 07-0607<br>)<br>)<br>)  R.J.L.<br>)<br>) |

MEMORANDUM IN SUPPORT OF MOTION IN OPPOSITION
TO THE GOVERNMENT'S MOTION TO TRANSFER PETITION
FOR A WRIT OF HABEAS CORPUS

As grounds for this motion, the following representations are respectfully submitted:

1. Under In Re Smith, 285 F.3d (D.C. Cir. 2002), this court has habeas corpus jurisdiction over Petitioner's writ of habeas corpus due to the claim of innocence and conviction on a non-existent criminal charge.

2. The Government's motion to transfer is a legal trick in an effort to divest this court of jurisdiction and a false prayer that the court construes the Petitioner's motion as a Title 28 U.S.C. Section 2255 petition when the Government knows its representations are charged with falsehoods on the law and facts of this case. The ruling in In Re Smith, 285 F.3d (D.C. Cir. 2002), should be binding on this court, not the government's representations (see e.g., Manesa v. Myers, 419 U.S. 449-458 (1978) and Koon v. U.S. 518 U.S. 81-100 (1996). The writ of habeas corpus by virtue of In Re Smith, 286 F.3d (D.C. Cir. 2002) was properly filed in this court (see e.g., Artuz v. Bennett, 121 S. Ct. 361 (2000).

1

3. The court herein is presumed to know the law (see e.g., <u>Singletary</u> V. <u>U.S.</u> 519 A.2d 701 (D.C. App. 1987) and <u>Marbury</u> v. <u>Madison</u>, 5 U.S. (1 Cranch) 137-177 (1803).

4. The government is also presumed to know what another lawyer for the government filed in a case it cited (see e.g., <u>Freeland</u> v. <u>U.S</u>. 631 2.d 1186 (D.C. App. 1993), particularly, bearing upon the exact same case and party.

5. Further, <u>Carmell</u> v. <u>Texas</u>, 529 U.S. 513 (2002) is relevant to the case at bar insofar as it speaks to age-related sex offenses. Petitioner herein was convicted of an offense relative to an assault on a child. An offense which he **did not** commit. Ironically, the government in a bold legal move now attempts to correct what it failed to do at the original plea hearing and plea of guilty. The Government is now trying to prosecute petitioner for "Assault With Intent to Commit Rape", rather than "Assault With Intent to Commit Carnal Knowledge", as it originally did. This legal albatross must be removed from Petitioner's legal status. As a result, <u>United States</u> v. <u>Hutchinson</u>, 478 F.2d 997 (D.C. Cir. 1973) applies to Petitioner, given the illegality of the charge as applied to petitioner. Petitioner does <u>not</u> wish to add insult to the injury that the government inflicted upon itself; however, Petitioner never claimed that it is legal to "Assault With Intent to Rape" a woman. Petitioner simply claims that he was **not** prosecuted, charged, or convicted of such an offense.

Finally, the court should issue appropriate sanctions against the government for intentionally lying to the court about the "true cause" of Petitioner's conviction at issue. This type of behavior should constitute a fraud upon the court (see e.g., A.B.A. Code of Professional Responsibility (DR. 7-102 (A) (5)) and Standard 22.

2

## CERTIFICATE OF SERVICE BY MAIL

I, Larry D. Cannon, hereby certify that I have hand delivered the original of Petitioner's "Memorandum In Support of Motion In Opposition to the Government's Motion to Transfer Petition for a Writ of Habeas Corpus" to the Clerk of the Court at:

U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C.  20001

And hand delivered a copy to:

Ms. Margaret J. Chriss
Assistant United States Attorney (D.C. Bar No. 452-403)
555 Fourth Street, N.W.
Special Proceedings Branch, 10th Floor
Washington, D.C.  20530

Respectfully Submitted,

Larry D. Cannon
1118 21st Street, N.E.
Apartment #101
Washington, D.C. 20002

3